NATIONWIDE MUTUAL INSURANCE COMPANY v. AMERICAN MUTUAL
LIABILITY INSURANCE COMPANY

No. 8718SC210

(Filed 15 March 1988)

1. Subrogation § 2— plaintiff's payments made in good faith that plaintiff was liable—plaintiff not a volunteer—plaintiff entitled to subrogation

Plaintiff's payments to an injured employee were made in good faith under the erroneous impression that plaintiff's liability policy covered the employee's injuries arising from a truck accident; therefore, plaintiff was not a volunteer and was entitled to recover by equitable subrogation those monies it had paid to the employee which defendant, as the workers' compensation provider, was ultimately determined to be liable for by the Industrial Commission.

2. Subrogation § 1— accrual of right of action for subrogation—action timely

Plaintiff was not entitled to institute its subrogation action against defendant until the Industrial Commission's final determination of liability on 31 January 1985, and plaintiff's complaint filed on 10 May 1985 was therefore filed within the period of the applicable statute of limitations.

APPEAL by defendant from *Cornelius (C. Preston), Judge.* Judgment entered 28 October 1986 in Superior Court, GUILFORD County. Heard in Court of Appeals 25 September 1987.

*Tuggle Duggins Meschan & Elrod, P.A., by J. Reed Johnston, Jr., for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, by J. Donald Cowan Jr., for defendant-appellant.*

GREENE, Judge.

This appeal arises from a civil action in which plaintiff sought to recover from defendant monies allegedly paid to an insured on defendant's behalf. The stipulated facts show plaintiff issued an automobile liability insurance policy covering a truck owned by James Clark. The policy excluded coverage for "any obligation for which the insured . . . may be held liable under any worker's compensation law." Defendant meanwhile provided workers' compensation coverage to Clark. On 9 July 1981 (when both policies were in effect), an employee of Clark named Southard was injured as a passenger in the insured truck when the truck overturned while being driven by another employee. The employees were re-

turning from Virginia where they had been doing work for which Clark furnished the truck for transportation to and from the job site. After Southard submitted his insurance claim to plaintiff, plaintiff took statements from the injured employee and his fellow-employees. Within less than a month of the injury, plaintiff began making payments to Southard. By 30 August 1982, plaintiff had paid either directly to Southard or for his benefit a total of $21,922.06 for lost wages and medical and rehabilitation expenses; however, in early September 1982, plaintiff determined that its liability policy in fact did not cover any of Southard's claims since they appeared to be covered by workers' compensation.

Southard had also filed a workers' compensation claim against defendant in November 1981. On 30 December 1981, defendant denied coverage. Three years later, the Industrial Commission concluded that Southard's injuries resulted from an accident arising out of and in the course of Southard's employment with Clark. The Commission ordered defendant to pay Southard for his injuries but credited defendant with $14,208.60 which represented lost wages plaintiff previously paid to Southard.

Plaintiff then sued defendant to recover all monies it had allegedly paid Southard on defendant's behalf. The parties stipulated among other things that, under applicable workers' compensation statutes, defendant would have had to pay Southard over $7,000 in medical and rehabilitation expenses had plaintiff not done so. The parties waived jury trial and the trial court awarded plaintiff $21,922.06. Defendant appeals.

---

Defendant raises two issues: I) whether plaintiff was a mere "volunteer" and thus not entitled to recover those monies allegedly paid Southard on defendant's behalf; and II) whether all or part of plaintiff's claim was in any event barred by the statute of limitations.

I

[1] Subrogation is not generally decreed in favor of a "volunteer" who, without any moral or other duty, pays the debt or discharges the obligation of another; thus, one making payment to another is ordinarily a volunteer without subrogation rights if he had no right or interest of his own to protect and acts without

any obligation. *See* 73 Am. Jur. 2d *Subrogation* Secs. 23-24 (1974). However, a party making payments in good faith "under a moral obligation, or in ignorance of the real state of facts, or under an erroneous impression of one's legal duty" is not a mere volunteer. *State ex rel. Boney v. Central Mutual Ins. Co. of Chicago*, 213 N.C. 563, 567, 197 S.E. 122, 126 (1938); *see also Jamestown Mutual Ins. Co. v. Nationwide Mutual Ins. Co.*, 277 N.C. 216, 221-22, 176 S.E. 2d 751, 755 (1970) (applying *Boney*).

In this case, all the evidence indicates plaintiff's payments to Southard were made in good faith under the erroneous impression that plaintiff's liability policy covered Southard's injuries arising from the truck accident. We note that defendant denied any coverage of Southard's losses for three and one-half years until its liability was finally determined by the Industrial Commission. Liberal application of the doctrine of subrogation is especially encouraged under such circumstances: the doctrine allows swift treatment of a claimant's injuries without unjustly enriching another carrier who in fact was liable for payment.

Under these circumstances, plaintiff was certainly not an intermeddling volunteer. Accordingly, as plaintiff has paid what has now been either adjudicated or stipulated to be defendant's obligation, plaintiff is entitled to recover those monies by equitable subrogation, which is "the mode which equity adopts to compel ultimate payment of a debt by one who in justice, equity and good conscience ought to pay." *Boney*, 213 N.C. at 568, 197 S.E. at 126.

## II

[2] Defendant contends in the alternative that, even if plaintiff had a subrogation claim against defendant, the claim is entirely or partially barred by the relevant statute of limitations. However, our statutes of limitations do not generally begin to run against a civil claim until the claim first accrues. N.C.G.S. Sec. 1-15(a) (1983). Assuming no legal disability exists, a claim does not accrue until the injured party is at liberty to sue or is entitled to institute an action. *Jamestown*, 277 N.C. at 222, 176 S.E. 2d at 756; *Raftery v. Wm. C. Vick Constr. Co.*, 291 N.C. 180, 183, 230 S.E. 2d 405, 408 (1976).

An essential element of plaintiff's claim against defendant is defendant's liability for Southard's injuries. That issue, which

could only be decided by the Industrial Commission, was not finally determined until 31 January 1985, the date of the Full Commission's final opinion. *See Thomason v. Red Bird Cab Co.*, 235 N.C. 602, 604, 70 S.E. 2d 706, 708 (1952) (stating Commission's exclusive jurisdiction). While the Industrial Commission had exclusive jurisdiction of Southard's workers' compensation claim, it noted it had no jurisdiction to determine whether any payments by plaintiff would have been deemed those of a mere volunteer. *Cf. Jamestown*, 277 N.C. at 222, 176 S.E. 2d at 756 (where party's obligation could be determined by court of general jurisdiction, subrogation action arising from alleged payment of that obligation would accrue after first payment). As plaintiff was not here entitled to institute its subrogation action against defendant until the Commission's final determination on 31 January 1985, its subrogation action against defendant accrued on that date. As plaintiff's complaint was filed on 10 May 1985, it was therefore filed within any relevant statute of limitations.

### III

Accordingly, the trial court committed no error in determining that plaintiff was entitled to recover from defendant the sum of $21,922.06.

Affirmed.

Judges PHILLIPS and COZORT concur.