**UNIVERSITY OF NORTH CAROLINA v. HILL**

[96 N.C. App. 673 (1990)]

---

UNIVERSITY OF NORTH CAROLINA A/K/A THE NORTH CAROLINA MEMORIAL HOSPITAL, AND THE UNIVERSITY OF NORTH CAROLINA A/K/A THE MEDICAL FACULTY PRACTICE PLAN OF THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL'S SCHOOL OF MEDICINE, PLAINTIFFS v. DONALD W. HILL, JR. AND ALAMANCE COUNTY, DEFENDANTS

No. 8915SC140

(Filed 4 January 1990)

**Jails and Jailers § 1 (NCI3d) — release of unconscious prisoner — county's liability for emergency medical care**

A county could not avoid its statutory obligation to provide and pay for emergency medical care for a prisoner confined in the county jail by releasing the prisoner while he was unconscious and in need of emergency care. However, the trial court on remand must determine which services rendered in the treatment of the prisoner's spinal meningitis were emergency in nature and which were for treatment after the emergency had passed. N.C.G.S. §§ 153A-224(b), 153A-225(a).

**Am Jur 2d, Penal and Correctional Institutions § 96.**

APPEAL by plaintiffs from judgment of *Judge Donald W. Stephens* entered 9 November 1988 in ALAMANCE County Superior Court. Heard in the Court of Appeals 13 September 1989.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General J. Charles Waldrup, for plaintiff appellants.*

*County Attorney S. C. Kitchen and Human Resources Attorney Carol V. Miller for defendant appellee, Alamance County.*

*James B. Blackburn, III, for N.C. Association of County Commissioners and N.C. Sheriff's Association, amici curiae.*

COZORT, Judge.

Plaintiffs brought suit to recover the costs of medical treatment rendered to defendant Hill (not a party to this appeal), who had become ill while confined in Alamance County jail. The trial court granted plaintiffs' motion for summary judgment against defendant Hill, denied plaintiffs' motion for partial summary judgment against defendant Alamance County, and granted Alamance County's motion for summary judgment. We reverse the order of summary judgment in favor of Alamance County and remand for further proceedings.

On 19 November 1985, Hill was arrested and thereafter incarcerated in Alamance County jail for failing to appear for trial on a charge of failure to comply with a child support order. He was ordered held on a $1,500.00 secured bond. While in the jail, Hill became ill and was seen by a physician at the jail. The following day, he became worse and was transported to Alamance County Hospital by ambulance. An Alamance County deputy sheriff followed the ambulance to the hospital. After a physician at the hospital diagnosed Hill as having spinal meningitis and ordered him transferred to plaintiff North Carolina Memorial Hospital in Chapel Hill, the deputy telephoned the sheriff's department for instructions. An Alamance County magistrate telephoned Judge J. Kent Washburn, a District Court Judge in Alamance County, who ordered Hill released on a $1,500.00 unsecured bond. Upon being informed that Hill was unconscious and unable to sign the bond, Judge Washburn ordered Hill released without the necessity of signing bond. The deputy then informed the emergency room physician that Hill had been released from custody. Hill was thereafter taken to plaintiff hospital, where he was hospitalized from 28 November 1985 until 9 January 1986. His medical bills incurred while in plaintiffs' care totaled $99,783.56.

Plaintiffs moved for summary judgment against Hill and a partial summary judgment against Alamance County. Alamance County moved for summary judgment against plaintiffs. The trial court granted plaintiffs' motion as to defendant Hill, denied plaintiffs' motion as to Alamance County, and granted Alamance County's motion.

**UNIVERSITY OF NORTH CAROLINA v. HILL**

[96 N.C. App. 673 (1990)]

On appeal, plaintiffs contend that the trial court erred in granting the County's motion for summary judgment, because (1) the County is liable by statute for the costs of Hill's emergency medical treatment, and (2) there remain genuine issues of material fact, thus precluding summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure. We agree.

N.C. Gen. Stat. § 153A-225 provides, in pertinent part, as follows:

> (a) Each unit that operates a local confinement facility shall develop a plan for providing medical care for prisoners in the facility. The plan
>
> > (1) Shall be designed to protect the health and welfare of the prisoners and to avoid the spread of contagious disease;
> >
> > (2) Shall provide for medical supervision of prisoners and emergency medical care for prisoners to the extent necessary for their health and welfare . . . .

N.C. Gen. Stat. § 153A-224(b) provides:

> In a medical emergency, the custodial personnel shall secure emergency medical care from a licensed physician according to the unit's plan for medical care. If a physician designated in the plan is not available, the personnel shall secure medical services from any licensed physician who is available. *The unit operating the facility shall pay the cost of emergency medical services.* (Emphasis added.)

These statutes require that a county provide emergency medical services to prisoners incarcerated in the county's jail and to pay for such services. There is no dispute that Hill was incarcerated in Alamance County jail when he became ill and required emergency medical treatment. The County argues, however, that, once Hill was released from its custody, it was no longer obligated under the statute to secure or to pay for emergency medical services.

We find nothing in the statutes to support Alamance County's argument that the General Assembly intended that a county operating a local confinement facility could avoid its statutory obligations by releasing from its custody an unconscious prisoner in need of emergency care. We therefore hold that Alamance County remained duty bound to secure and pay for emergency medical care rendered by plaintiffs to Hill. We further hold that there remains

a genuine issue of fact as to how much of plaintiffs' services were "emergency" in nature.

Plaintiffs offered the affidavit of Dr. David E. Tomaszek, expressing Dr. Tomaszek's opinion that all of the care was emergency medical care. Defendant offered the affidavit of Dr. Robert E. Price, Jr., who opined that not all of the services were for emergency medical care. On remand, the trial court must receive evidence of the nature of the services rendered to Hill so that it can be determined which medical services were emergency in nature and which were for treatment of Hill after the emergency had passed.

The trial court's order of summary judgment is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

Judges ARNOLD and BECTON concur.