COUNTY OF GUILFORD v. NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA., AND JEFFERSON INSURANCE COMPANY OF
NEW YORK

No. 9118SC848

(Filed 3 November 1992)

**Jails, Prisons and Prisoners § 66 (NCI4th)— one inmate assaulted
by another—costs of medical care—liability of insurance
company**

The trial court erred in granting summary judgment for
defendant insurance company in plaintiff county's action to
recover amounts paid by it for a prisoner's medical expenses
incurred after he was assaulted by another inmate since the
action was not barred by the statute of limitations; although
the named insured was "Guilford County Sheriff's Department,"
the policy included in the definition of "insured" the political
subdivisions in which the named insured was located; payments
made by plaintiff were made pursuant to a statutory obligation
and, as such, were not made voluntarily; plaintiff's claim was
not barred by a policy exclusion stating that the policy did
not apply "to liability assumed by the Insured under any con-
tract or agreement . . ."; and an insurance company which
has entered into a settlement agreement on behalf of the in-
sured pursuant to a liability insurance policy, unless otherwise

1

clearly agreed, is liable for the insured's total obligation under that agreement, subject to the monetary limits of the policy. N.C.G.S. § 153A-224(b).

**Am Jur 2d, Insurance §§ 190, 461.**

**Penal and Correctional Institutions § 191.**

Judge GREENE dissenting.

APPEAL by plaintiff from judgment entered 21 May 1991 in GUILFORD County Superior Court by *Judge Julius B. Rousseau.* Heard in the Court of Appeals 16 September 1992.

*Guilford County Attorney's Office, by Jonathan V. Maxwell and J. Edwin Pons, for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Richard L. Pinto and ToNola D. Brown, for defendant-appellee.*

WYNN, Judge.

On 15 January 1986, George Harris, an inmate in the Guilford County Jail, suffered severe injuries in an assault by another inmate. Mr. Harris died shortly after admission to Moses Cone Memorial Hospital in Greensboro, where his medical expenses totalled $28,585.61.

Mary Lee Harris, as Administratrix of the Estate of George Harris, brought an action in negligence against the inmate who assaulted Mr. Harris, the Sheriff of Guilford County, and Guilford County. The Sheriff of Guilford County and Guilford County were covered by liability insurance policies with National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") and Jefferson Insurance Company of New York ("Jefferson Insurance"). Pursuant to a settlement agreement dated 29 August 1986, negotiated with the two insurance companies, Ms. Harris released all parties of liability in exchange for a lump sum payment of $61,414.39 plus the payment of the $28,585.61 in medical expenses incurred by Mr. Harris before his death. Guilford County had paid $22,450.61 of Mr. Harris' medical expenses prior to this release being signed. The lump sum payment to Ms. Harris and the balance of $6,135.00 owed for medical expenses were paid by the two insurance companies.

Guilford County thereafter sought reimbursement from the insurance companies for the $22,450.61 and was denied coverage under both policies. The County next brought suit against both National Union and Jefferson Insurance, but later reached a settlement with National Union and voluntarily dismissed against that party.

Prior to trial, Jefferson Insurance filed a motion for summary judgment on the following grounds: 1) Guilford County's voluntary payment of Mr. Harris' medical expenses violated the terms of the policy; 2) Guilford County was not an "insured" under the terms of the policy; 3) the claim was excluded from coverage under the policy; and 4) the action was barred by the applicable statute of limitations. Following the granting of this motion by the trial court, Guilford County appealed to this Court.

Guilford County's sole assignment of error challenges the trial court's award of summary judgment in favor of Jefferson Insurance. Summary judgment is proper if the record, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact so that the moving party is entitled to judgment as a matter of law. *Belmont Land and Inv. Co. v. Standard Fire Ins. Co.*, 102 N.C. App. 745, 748, 403 S.E.2d 924, 925 (1991). The County argues that its claim is not barred by the statute of limitations; it is an "Insured" and therefore covered under the policy; its payment to the hospital was not voluntary; and its claim is not excluded from coverage by the terms of the policy. In short, the County contends that there were no grounds upon which the trial court could have granted summary judgment to Jefferson Insurance. We agree.

Our Supreme Court's recent decision in *Rowan County Board of Education v. United States Gypsum Co.*, 332 N.C. 1, 418 S.E.2d 648 (1992), confirms that Guilford County's claim against Jefferson Insurance is not barred by the statute of limitations. The *Rowan* Court clearly set forth the rules with regard to the doctrine of *nullum tempus occurrit regi*: "If the function at issue is governmental, time limitations do not run against the State or its subdivisions unless the statute expressly *includes* the State. If the function is proprietary, time limitations do run against the State and its subdivisions unless the statute at issue expressly *excludes* the State." *Id.* at 9, 418 S.E.2d at 654 (emphasis in original). Inasmuch as we find that the *Rowan* decision is controlling on this issue,

and we further note that the appellee conceded this point at oral argument, we conclude that Guilford County's claim is not barred by the statute of limitations.

We next address the question of whether Guilford County is covered by the Jefferson Insurance policy. Although the policy sets forth the "Named Insured" as "Guilford County Sheriff's Department," the policy includes in the definition of "Insured" "the political subdivisions in which the Named Insured is located." Guilford County fits within this definition and is therefore an "Insured" under the policy.

Guilford County next asserts that its payment of Mr. Harris' medical expenses was not voluntary, and, therefore, not barred from coverage by the terms of the policy. The policy in question provides that "[t]he Insured shall not, except at his own expense, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the accident." Thus, any voluntary payment made by Guilford County would not be covered. We find, however, that the payments made by Guilford County were made pursuant to a statutory obligation, and as such were not made voluntarily.

North Carolina General Statutes provide that every county operating "a local confinement facility shall develop a plan for providing medical care for prisoners in the facility. The plan . . . [s]hall provide for medical supervision of prisoners and emergency medical care for prisoners to the extent necessary for their health and welfare." N.C. Gen. Stat. § 153A-225(a)(2) (1991). The statutes also mandate that "[i]n a medical emergency, the custodial personnel shall secure emergency medical care from a licensed physician according to the unit's plan for medical care. . . . The unit operating the facility *shall* pay the cost of emergency medical services." *Id.* § 153A-224(b) (emphasis added). This Court has recognized that "[t]hese statutes require that a county provide emergency medical services to prisoners incarcerated in the county's jail *and to pay for such services*." *University of North Carolina v. Hill*, 96 N.C. App. 673, 675, 386 S.E.2d 755, 757, *aff'd*, 327 N.C. 465, 396 S.E.2d 323 (1990) (emphasis added). Since the medical payments made by Guilford County were mandated by statute, we find that paying Mr. Harris' medical expenses was not voluntary, and, therefore, payment under the policy was not barred for this reason.

The County next contends its claim is not excluded from the coverage of the policy. Exclusion (c) of the subject policy states that the policy does not apply "[t]o liability assumed by the Insured under any contract or agreement, except mutual law enforcement assistance agreements between political subdivisions." Jefferson Insurance argues that since the County had a contract with Moses Cone Memorial Hospital to provide medical care for prison inmates, the exclusion bars coverage of payments made under that contract. However, the County's liability for Mr. Harris' medical expenses was due not to its contract with the hospital, but rather to the statutory requirement that county prisons implement a plan for providing medical care to inmates. We find, therefore, that the County's claim is not barred by this policy exclusion.

Finally, Guilford County contends that it was improper to grant summary judgment on the ground that liability for Mr. Harris' injuries had not been established. Under the subject policy, Jefferson Insurance contracted to "pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of negligent acts, errors, or omissions arising out of the performance of the Insured's duty to provide law enforcement with respect to the following perils: personal injury, bodily injury, property damage." Jefferson Insurance contends that since Guilford County's liability has not been judicially determined, and that since the release is "not to be construed as an admission of liability," it is under no obligation to reimburse Guilford County for the medical expenses incurred by Mr. Harris. We disagree.

The policy in question further provides that "the Company shall have the right and duty to defend any suit against the Insured seeking damages . . . and, may make such investigation and settlement of any claim or suit as it deems expedient." The duty to defend arises prior to an adjudication on the merits of the claim. *W & J Rives, Inc. v. Kemper Ins. Group*, 92 N.C. App. 313, 319, 374 S.E.2d 430, 434 (1988), *disc. rev. denied*, 324 N.C. 342, 378 S.E.2d 809 (1989). In the course of such defense, any attempt to settle the claim must be done in good faith. "It is a matter of common knowledge that fair and reasonable settlements can generally be made at much less than the financial burden imposed in litigating claims. . . . [C]ourts have consistently held that an insurer owes a duty to its insured to act deligently [sic] and in good faith in effecting settlements . . . ." *Alford v. Insurance Co.*, 248 N.C. 224, 229, 103 S.E.2d 8, 12 (1958).

In the subject case Jefferson Insurance, through its lawyers, participated in the negotiation of the settlement and ultimate release with Ms. Harris. The release provided that Ms. Harris would be paid one lump sum of $61,414.39, and, additionally, the medical expenses totalling $28,585.61 incurred by Mr. Harris would be paid. Jefferson Insurance then paid the lump sum and the outstanding balance on the medical charges. There seems to be no dispute that once the settlement agreement was entered into, Jefferson Insurance was liable for Guilford County's obligation under the agreement, despite the inclusion of the "no admission of liability" clause. At that point the County's outstanding obligation included the lump sum and what remained on the medical bills. Had the release only provided for the outstanding balance to be paid, the outcome might be different, but the release specifically provided for the payment of the entire $28,585.61. Guilford County paid part of the medical costs only because of its statutory obligation. Once Jefferson Insurance became liable for the payments, Guilford County was entitled to be reimbursed for the medical expenses it paid. "[A]s plaintiff has paid what has now been either adjudicated or stipulated to be defendant's obligation, plaintiff is entitled to recover those monies by equitable subrogation, which is 'the mode which equity adopts to compel ultimate payment of a debt by one who injustice, equity, and good conscience ought to pay.'" *Nationwide Mutual Ins. Co. v. American Mutual Liability Ins. Co.*, 89 N.C. App. 299, 301, 365 S.E.2d 677, 679 (1988). We hold that where an insurance company has entered into a settlement agreement on behalf of the insured pursuant to a liability insurance policy, unless otherwise clearly agreed, the insurance company is liable for the insured's total obligation under that agreement, subject to the monetary limits of the policy. Because we have determined that the payments made by Guilford County were neither voluntary nor excluded by the terms of the policy at issue, Jefferson Insurance's refusal to reimburse Guilford County is unwarranted.

For the foregoing reasons we

Reverse the entry of summary judgment in favor of the defendant and

Remand this case to the Superior Court of Guilford County for entry of summary judgment in favor of the plaintiff.

COUNTY OF GUILFORD v. NATIONAL UNION FIRE INS. CO.

[108 N.C. App. 1 (1992)]

Judge LEWIS concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

I agree that plaintiff's action is not barred by the statute of limitations, that plaintiff is an "insured" under the insurance policy at issue, that plaintiff's payment of medical expenses incurred by inmate George Harris (Harris) was not "voluntary" as that term is used in the contract of insurance, and that policy exclusion (c) does not operate to exclude coverage of plaintiff's claim. However, I disagree with the majority's holding that, despite the fact that plaintiff's liability for Harris' injuries has not been established, summary judgment in favor of defendant was improper. To the contrary, because there has been no liability determination as to the cause of Harris' injuries and resulting medical expenses, defendant is not obligated under the terms of its insurance contract with plaintiff to reimburse plaintiff for the amount expended on medical bills for Harris.

I am cognizant that under North Carolina law, in certain cases an insured may properly bring a claim against its indemnity or liability insurer to recover payments made by the insured for medical expenses incurred by an injured third party prior to the settlement of a negligence claim brought by the third party against the insured. See Blue Bird Cab Co. v. American Fidelity & Casualty Co., 219 N.C. 788, 15 S.E.2d 295 (1941). However, when, as in the instant breach of contract action, the liability insurance policy pursuant to which an insured seeks to recover prior payments contains a provision limiting coverage to damages which the insured become legally obligated to pay because of negligence, adjudication of the insured's negligence, or a stipulation thereto, is a prerequisite to its recovery from the insurer. Plaintiff acknowledges that its duty to pay Harris' medical expenses arose not by virtue of an adjudication of its negligence, but rather by statute. In fact, at the time that plaintiff filed its breach of contract action against defendant, plaintiff could not "become legally obligated to pay . . . damages because of negligen[ce]" related to the Harris incident because Harris' administratrix had released her right to bring a negligence action against plaintiff, and, even absent the release, the three-year statute of limitations for negligence claims had run. Furthermore, the release agreement on which the majority relies merely refers

to "the payment by Releasees [Guilford County and Jefferson Insurance Company] of $28,585.61 in medical bills incurred as a result of the incident giving rise to this claim" and in no way imposes the obligation to pay such expenses on defendant alone. Therefore, the trial court had no choice but to grant summary judgment for defendant.

I note that, in my opinion, the majority's application of the doctrine of equitable subrogation is misplaced. Plaintiff in the instant case has *not* paid "what has now been either adjudicated or stipulated to be defendant's obligation" since there has been (1) no adjudication that defendant is obligated to pay the entire $28,585.61 in medical expenses, (2) no adjudication of plaintiff's negligence (thus triggering defendant's obligation to pay damages under the terms of the insurance contract), and (3) no stipulation by the parties that defendant is obligated to pay the entire amount of medical expenses. Accordingly, I would affirm the trial court's order.