At the opening of the trial the defendant prepared and asked the court to submit the following issues: "Did the arbitrators undertake to decide the law in construing the contract between C. W. Garrett Co. and Paul Garrett, and decide said questions of law erroneously? Did the arbitrators pass upon and settle all material matters submitted to them for their arbitrament and award? Did the plaintiff, as agent for C. W. Garrett Co., agree with the defendant that if the arbitrators intended to allow the account of $241.60, it should be credited on the note sued on?"
The court refused to give them and submitted the following: "1. Was the plaintiff the owner of the note sued on at the date of the issuing of the summons in this action? 2. Is the defendant indebted to the plaintiff, and if so, in what sum?" The defendant excepted.
His Honor committed no error in either refusing the defendant's issues or in submitting the ones he did. There are only two issuable facts raised by the pleadings in this case: (1) Was the plaintiff the owner of the bond? (2) Was it still due and unpaid?
It has been settled in Emry v. R. R., 102 N.C. 209, following McAdoov. R. R., 105 N.C. 140, and a large number of cases in which the ruling has been affirmed, that it is within the sound discretion of the trial judge to determine what issues shall be submitted and to frame them subject to the restriction, 1st, that only issues of fact raised by the pleadings are submitted; 2d, that the verdict constitutes a sufficient basis for a judgment; 3d, that it does not appear that a party was debarred for want of an additional issue or issues of the opportunity (856) to present to the jury some view of the law arising out of the evidence. This has been approved in Bond v. Smith,106 N.C. 553; Denmark v. R. R., 107 N.C. 185; Blackwell v. R. R.,111 N.C. 151; Black v. Black, 110 N.C. 398.
By taking up and passing upon the defendant's exceptions, a little out of their numerical order, we find that it will be unnecessary to go into the first and second exceptions:
3d Exception. "The defendant then asked his Honor to pass upon the point made in the fifteenth paragraph of defendant's answer, to-wit: *Page 503 
`That said arbitrators endeavored, in the third article of their award, to follow the law in the construction of the contract hereinbefore referred to, and the defendant insists, put an erroneous construction thereon. Wherefore, such award should be set aside and annulled'; and to hold that the arbitrators made a mistake in law and put an erroneous construction upon said contract and assessed defendant's damages upon such erroneous construction, and that such award was void."
His Honor committed no error in overruling this exception. Looking at the face of the award, to which we are confined, so far as this exception is concerned, we cannot say that the arbitrators intended to decide the matters embraced in that exception according to law. The words "adjudge," "determine," "award," when used by the arbitrators, do not necessarily carry with them the idea of a judgment according to law. Arbitration, as a means of settling disputed matters, being so much favored by the courts, they will be slow to set aside awards because it is alleged that the arbitrators have attempted to decide according to law and have "missed it." The language of the award in this case is not stronger than that used by the arbitrators in the case of King v. Mfg. Co., 79 N.C. 360, and that award was upheld. Besides, an award ought not to be set aside unless in cases where the decision is plainly and grossly against law — not where the point decided might be doubtful. Cleary v. Coor, 2 N.C. 225. (857)
4th Exception. "That defendant offered to show that plaintiff agreed with the defendant that if the arbitrators intended to allow a credit of $241.60 on account of sour wines, the note should be credited with that amount, and that the arbitrators did intend to allow same and omitted it by inadvertence; that this was after the note was executed. Plaintiff objected. His Honor sustained the objection and the defendant excepted."
We can see no error in his Honor's overruling this exception. The promise alleged to have been made by the plaintiff was clearly without consideration. No benefit could possibly have accrued to the plaintiff — but a loss — and the defendant does not pretend that he was put to any loss, inconvenience or trouble by reason of the promise.
5th Exception. "Defendant offered to show that the arbitrators did not pass upon all matters submitted to them between C. W. Garrett Co. and Garrett Co., and between C. W. Garrett Co. and defendant. The plaintiff objected. His Honor sustained the objection and defendant excepted."
6th Exception. "Defendant offered to show that the account for sour wine was omitted by the arbitrators from defendant's credits by undue haste and a mere clerical mistake, contrary to the real intentions *Page 504 
of the arbitrators. The plaintiff objected. His Honor sustained the objection and defendant excepted."
We will consider as one the 5th and 6th exceptions, for the fifth cannot be considered if it is disconnected from the sixth, because it is too general in its terms and language. It does not point out any particular matter which was presented to the arbitrators and which they refused to hear as was the case in Walker v. Walker, 60 N.C. p. (858) 259, cited by the defendant. But if the 5th exception should be considered as another form of exception 6, we then have the question presented as to whether a mistake of the arbitrators can be set up to defeat, in whole or in part, the award. We are clear that it cannot be. Corruption or partiality are grounds for setting aside an award, but not so a mistake, unless the arbitrators have been led into that mistake by undue means; or unless they have fallen into the mistake by the fraudulent concealment of a party. "A mistake committed by an arbitrator is not of itself sufficient ground to set aside the award. If an arbitrator makes a mistake, either as to law or fact, it is the misfortune of the party, and there is no help for it. There is no right of appeal, and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to settle the matter in controversy and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact may be suggested by the dissatisfied party. Thus the object of references would be defeated and arbitration instead of ending would tend to increase litigation. Easton v. Easton, 43 N.C. 98. There was no error in his Honor's overruling these exceptions.
In thus disposing of the exceptions which we have discussed, it is not necessary to pass upon the others. We have given these exceptions more consideration probably than they were entitled to because of the earnestness and ability with which they were discussed by the counsel for both sides; for beyond question, when the defendant, agreeably to the award, executed his bond for the amount awarded to C. W. Garrett Co. he could not be heard to say, when sued for the amount, that he had executed the bond in ignorance of mistake in the award (859) and further ignorance of the power of the Court to revise the same. In executing the bond the defendant partially performed the award and he is estopped thereby. Bryan v. Jeffreys, 104 N.C. 242.
No Error.
Cited: Silvey v. Axley, 118 N.C. 961; Ricks v. Stancill, 119 N.C. 102;Mayberry v. Mayberry, 121 N.C. 250; Ezzell v. Lumber Co., 130 N.C. 207;Cowles v. Assurance Soc., 170 N.C. 371. *Page 505