RICHARD LEON McCLERIN, Plaintiff v. R-M INDUSTRIES, INC., Defendant

No. 9426SC589

(Filed 2 May 1995)

### 1. Corporations § 151 (NCI4th)— failure to provide audited financial statement—no default

There was no merit to plaintiff's argument that summary judgment should have been granted in his favor because the uncontradicted evidence showed that defendant breached the parties' settlement and stock purchase agreement by failing to provide plaintiff with an audited financial statement within 120 days after the close of defendant's fiscal year and that defendant defaulted when it failed to provide such an audited financial statement within fifteen days of notification of default, since defendant was required to provide plaintiff with a copy of its audited financial statement within 120 days after it came into defendant's hands, and the evidence showed that defendant did not have an audited financial statement in its possession 120 days prior to the date plaintiff served notice of default. N.C.G.S. § 55-16-20.

**Am Jur 2d, Corporations §§ 2104 et seq.**

McCLERIN v. R-M INDUSTRIES, INC.

[118 N.C. App. 640 (1995)]

**2. Pleadings § 62 (NCI4th)— sanctions denied—no error**

The trial court did not err in denying defendant's motion for Rule 11 sanctions where, considered in the light most favorable to the movant, there was no evidence that the complaint was filed for an improper purpose or that plaintiff knew that the complaint was not well grounded in fact or law. N.C.G.S. § 1A-1, Rule 11.

**Am Jur 2d, Pleading § 339.**

Appeals by plaintiff and defendant from orders entered 15 October 1993 by Judge C. Walter Allen in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 February 1995.

*Richard L. McClerin, plaintiff-appellant, pro se.*

*James McElroy & Diehl, P.A., by J. Mitchell Aberman and Bruce M. Simpson, for defendant-appellee.*

WALKER, Judge.

On 23 June 1993, plaintiff sued defendant for breach of a Settlement and Stock Purchase Agreement (agreement) entered into between the parties in settlement of a prior lawsuit between R-M Industries, Inc. (R-M Industries) and plaintiff. The agreement, which was attached to plaintiff's complaint, provided that plaintiff resign as Director of R-M Industries, that plaintiff transfer 9,716 shares to R-M Industries, and that defendant pay plaintiff a sum of $499,998.40 over the life of the agreement. The agreement contains a default provision which states that a breach of any term of the agreement constitutes a default and that if defendant fails to correct a default within fifteen days of receipt of notice of default, the remaining balance under the agreement shall then become due and payable.

In his complaint, plaintiff alleged that defendant breached paragraph 12, which provides that defendant shall "[w]ithin the statutory time limit applicable for the benefit of shareholders . . . provide [plaintiff] with copies of all audited financial statements of R-M Industries until the obligations of R-M Industries under this Agreement have been fulfilled." Plaintiff further states that he is "informed, believes and alleges" that defendant had breached or was going to breach certain provisions of the agreement. With respect to defendant's breach of paragraph 12, plaintiff alleged that defendant failed to cure the breach within fifteen days of notification and that plaintiff then informed defendant by letter dated 2 June 1993 that,

pursuant to the default provision, the remaining balance of $447,998 was due and payable. Plaintiff prayed for recovery of the remaining balance owed and for an order enjoining defendant from breaching certain other provisions of the agreement.

On 21 July 1993, defendant moved the court to dismiss the complaint pursuant to Rule 12(b)(6) and to impose sanctions upon plaintiff and his attorney pursuant to Rule 11. The court ordered that defendant's Rule 12(b)(6) motion should be treated as one for summary judgment. Thereafter, on 10 August 1993, plaintiff answered defendant's motion and moved for summary judgment in his favor. By orders entered 15 October 1993, the court granted defendant's motion for summary judgment and denied its motion for sanctions. Plaintiff appeals from the order granting summary judgment for defendant and defendant appeals from the order denying its motion for sanctions.

[1] Plaintiff's sole argument is that summary judgment should have been granted in his favor because the uncontradicted evidence showed that defendant breached paragraph 12 of the agreement by failing to provide plaintiff with an audited financial statement within 120 days after the close of R-M Industries' fiscal year and that defendant defaulted when it failed to provide such an audited financial statement within fifteen days of notification of default. Although summary judgment was granted on all of plaintiff's claims, we need only address whether summary judgment was properly granted on the issue of defendant's default since plaintiff's argument fails to address his allegations of various breaches and request for an order enjoining defendant from such breaches. N.C. R. App. P. 28(a) (1994).

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). Where the only issues to be decided are issues of law, summary judgment is proper. *Brawley v. Brawley*, 87 N.C. App. 545, 548, 361 S.E.2d 759, 761 (1987), *cert. denied*, 321 N.C. 471, 364 S.E.2d 981 (1988).

The evidence showed that on 2 May 1993, plaintiff informed defendant that it was in default of its obligation under paragraph 12 to furnish plaintiff with copies of all audited financial statements. Defendant had given plaintiff a copy of an audited financial statement for 1991. Defendant could not give plaintiff a copy of its audited financial statement for 1992 within 120 days of the close of its fiscal

McCLERIN v. R-M INDUSTRIES, INC.

[118 N.C. App. 640 (1995)]

year or within fifteen days of notification of default because such statement had not been completed and was not in its possession. However, defendant did give plaintiff a copy of its 1992 audited financial statement on approximately 3 August 1993, after plaintiff filed this action.

The parties concede that the statute referred to in paragraph 12 is N.C. Gen. Stat. § 55-16-20 (1990). That statute requires a corporation to make available to each shareholder annual financial statements within 120 days after the close of each fiscal year and does not require that such statements be audited. N.C. Gen. Stat. § 55-16-20(c). The language "copies of all" in paragraph twelve assumes that such statement is in defendant's possession within 120 days of the close of defendant's fiscal year. However, this assumption is unwarranted; section 55-16-20 does not require audited financial statements and the record does not show that plaintiff was otherwise required to have an audited financial statement within 120 days of the close of the fiscal year. Thus, we construe paragraph 12 as merely requiring defendant to provide plaintiff with a copy of its audited financial statement within 120 days after it comes into defendant's possession. Since the evidence showed that defendant did not have an audited financial statement in its possession 120 days prior to 2 May 1993, the date plaintiff served notice of default, summary judgment was properly given for defendant on the default claim.

[2] We next consider defendant's assignment of error to the court's denial of its motion for sanctions pursuant to N.C. Gen. Stat. § 1A-1, Rule 11 (1990). In ruling on defendant's Rule 11 motion, the court considered the verified complaint, the contract incorporated therein, and the depositions and affidavits submitted by the parties. The court concluded that it "is unable to determine that the Complaint was filed for an improper purpose or that the Plaintiff knew that the Complaint was not well grounded in fact or law."

Defendant contends that the complaint was not well grounded in fact or in law and was filed for an improper purpose. The determination of whether the complaint meets the factual and legal certification requirements of Rule 11 requires a two-step analysis in each instance. The two-step analysis required under the legal sufficiency prong of the rule requires the following:

[T]he court must first determine the facial plausibility of the paper. If the paper is facially plausible, then the inquiry is complete, and sanctions are not proper. If the paper is not facially

plausible, then the second issue is (1) whether the alleged offender undertook a reasonable inquiry into the law, and (2) whether, based upon the results of the inquiry, formed a reasonable belief that the paper was warranted by existing law, judged as of the time the paper was signed. If the court answers either prong of this second issue negatively, then Rule 11 sanctions are appropriate.

*Mack v. Moore,* 107 N.C. App. 87, 91, 418 S.E.2d 685, 688 (1992) (*citing Bryson v. Sullivan,* 330 N.C. 644, 412 S.E.2d 327 (1992)). In analyzing whether the complaint meets the factual certification requirement, the court must make the following determinations: (1) whether the plaintiff undertook a reasonable inquiry into the facts and (2) whether the plaintiff, after reviewing the results of his inquiry, reasonably believed that his position was well grounded in fact. *Higgins v. Patton,* 102 N.C. App. 301, 306, 401 S.E.2d 854, 857 (1991).

Even if the complaint is well grounded in fact and in law, it may nonetheless violate the improper purpose prong of Rule 11. *Bryson v. Sullivan,* 330 N.C. 644, 663, 412 S.E.2d 327, 337 (1992) ("improper purpose prong of Rule 11 is separate and distinct from the factual and legal sufficiency requirements"). In determining whether a paper has been interposed for an improper purpose, an objective standard is used. The burden is on the movant to prove such improper purpose. *Id.* at 663, 412 S.E.2d at 337. "[T]he relevant inquiry is whether the existence of an improper purpose may be inferred from the alleged offender's objective behavior. . . . An improper purpose is 'any purpose other than one to vindicate rights . . . or to put claims of right to a proper test.' " *Mack v. Moore,* 107 N.C. App. 87, 93, 418 S.E.2d 685, 689 (1992) (citation omitted).

Although Rule 11 does not address whether findings are required by the trial court, the court in *Turner v. Duke University,* 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), held that the decision to impose or not to impose sanctions must be supported by findings of fact. A court's failure to enter findings of fact and conclusions of law on this issue is error which generally requires remand in order for the trial court to resolve any disputed factual issues. *See Taylor v. Taylor Products, Inc.,* 105 N.C. App. 620, 631, 414 S.E.2d 568, 576 (1992). However, remand is not necessary when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper. *Id.* Having carefully reviewed the record, we find no evidence which would sup-

port an award of sanctions for any of the bases asserted by defendant. Thus, we affirm the conclusions reached by the trial court in denying defendant's motion for sanctions.

The order granting summary judgment for defendant is affirmed and the order denying defendant's motion for Rule 11 sanctions is affirmed.

Affirmed.

Judges EAGLES and McGEE concur.