SHOLAR BUSINESS ASSOCIATES, INC., D/B/A VR BUSINESS BROKERS, PLAINTIFF V. LEWIS E. DAVIS, JR., AND FITNESS TODAY OF WILMINGTON, INC., DEFENDANTS

No. COA99-688

(Filed 6 June 2000)

## 1. Arbitration— mistakes of law—motion to vacate denied

The trial court did not err by denying plaintiff's motion to vacate an arbitration award where plaintiff alleged that the arbitrator made mistakes of law but did not allege that the award was tainted by corruption, partiality, or abuse of power. An arbitrator is not bound by substantive law or rules of evidence.

## 2. Arbitration— rules—specified by contract

The trial court did not err by failing to vacate an arbitration award where plaintiff alleged that the arbitrator failed to rule on estoppel, election, and parol evidence issues and failed to make findings or conclusions. The interpretation of the terms of an arbitration agreement is governed by contract principles and parties may specify by contract the rules under which arbitration will be conducted. Here, the parties entered into an agreement which provided for arbitration by the Commercial Arbitration Rules of the American Arbitration Association, which provide that the arbitrator is the judge of the relevance and materiality of the evi-

dence, do not require conformity to rules of evidence, and do not require findings of fact or conclusions of law. Furthermore, plaintiff failed to marshall any of the limited grounds upon which an arbitration award may be vacated. N.C.G.S. § 1-567.13.

### 3. Pleadings— Rule 11 sanctions—motion to vacate arbitration award

The trial court did not err by denying a motion for Rule 11(a) sanctions arising from a motion to vacate an arbitration award.

Appeal by plaintiff and defendants from judgment entered 3 March 1999 by Judge Mark Klass in Superior Court, Guilford County. Heard in the Court of Appeals 14 March 2000.

*Harry G. Gordon for plaintiff-appellant/appellee.*

*Tuggle, Duggins & Meschan, P.A., by Denis E. Jacobson and Leonard A. Colonna, for defendants-appellees/appellants.*

TIMMONS-GOODSON, Judge.

On 11 July 1997, Sholar Business Associates, Inc., d/b/a VR Business Brokers ("plaintiff"), filed suit in Superior Court, Guilford County seeking to recover a sales commission from Lewis E. Davis, Jr. and Fitness Today of Wilmington, Inc. ("defendants"). Plaintiff, a business broker, alleged that the parties entered into a Sole and Exclusive Listing Agreement ("Listing Agreement") and that defendants breached the Listing Agreement by unilaterally selling their business during the exclusive listing period. Plaintiff alleged claims for relief for breach of contract, fraudulent misrepresentation, conspiracy to defraud, intentional interference with contract, bulk transfer, fraudulent conveyance, breach of implied covenant of good faith and fair dealings, and unfair and deceptive trade practices.

On 6 August 1997, defendants filed a Motion to Compel Arbitration. Defendants' motion relied on language in the Listing Agreement which provided: "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association[.]" On 9 September 1997, plaintiff signed a Stipulation to arbitrate which stated:

1. All causes of action which are currently pending by and between these parties in this lawsuit shall be settled by arbitra-

tion in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

. . . .

4. The parties agree that the Court will retain jurisdiction and may hear those matters, if any, which are not resolved through the arbitration process.

Plaintiff filed a formal Demand for Arbitration with the American Arbitration Association ("AAA").

During arbitration, defendants asserted as a defense that they were not bound by the Listing Agreement in that the Listing Agreement was not intended to be "sole and exclusive."

On 10 February 1998, the arbitrator, John S. Harrison, Esquire, rendered a decision that plaintiff "shall have and recover nothing on its claims" against defendants. Plaintiff requested a written explanation of the arbitrator's decision. The arbitrator declined to make any findings of fact, stating:

[T]he AAA Commercial Arbitration Rules do not require written findings of fact or any explanation of the rationale for an award. Furthermore, for an arbitrator to provide such information voluntarily can open the door for unhappy parties to attempt to challenge an award, thus defeating arbitration's goals of speed and finality.

Plaintiff filed a Motion in the Cause and Application to Vacate Award of the Arbitrator. Defendants filed a Motion to Confirm Arbitration Award and for Sanctions against plaintiff and/or its attorney on the grounds that plaintiff's Motion to Vacate was groundless. In response, plaintiff filed a Motion in Opposition to defendants' Motion for Sanctions and a Motion for Attorney Fees.

The trial court granted defendants' Motion to Confirm Arbitration and denied plaintiff's Motion in the Cause and Application to Vacate Award of the Arbitrator. The motions of both parties for sanctions were denied. Plaintiff and defendants appeal.

On appeal, plaintiff argues that the trial court erred in denying its Motion to Vacate the Arbitration Award. By their only assignment of error, defendants argue that the trial court erred in denying their Motion for Sanctions.

SHOLAR BUS. ASSOCS. v. DAVIS

[138 N.C. App. 298 (2000)]

## I. PLAINTIFF'S ASSIGNMENTS OF ERROR

[1] Specifically, plaintiff argues that the award of the arbitrator should be vacated because: (1) the trial court and the arbitrator allowed defendants to demand their contract right to arbitration and then to assert, once in arbitration, that defendants were not parties to the contract or that the contract was not legally binding on the parties; and (2) the arbitrator admitted parol evidence to contradict a written contract. We cannot agree.

In North Carolina, public policy favors arbitration as a method of resolving disputes. *Miller v. Two State Construction Co.*, 118 N.C. App. 412, 416, 455 S.E.2d 678, 680 (1995). The advantages of arbitration include reduction of court congestion, speed, economy, finality, and an opportunity for the parties to choose the judges who resolve their disputes. *Crutchley v. Crutchley*, 306 N.C. 518, 523, 293 S.E.2d 793, 796 (1982).

Our Supreme Court has recognized that arbitration also poses disadvantages in that parties to arbitration enjoy limited appellate review, and have no recourse when an arbitrator makes a mistake. *Patton v. Garrett*, 116 N.C. 848, 858, 21 S.E. 679, 682 (1895). Because an arbitrator is not bound by substantive law or rules of evidence, an award may not be vacated merely because the arbitrator erred as to law or fact. *Crutchley*, 306 N.C. at 523, 293 S.E.2d at 797. Where an arbitrator makes such a mistake, "it is the misfortune of the party." *Patton*, 116 N.C. at 858, 21 S.E. at 682.

Appellate review of an arbitration award is limited. A court may only vacate such an award for the reasons enumerated in North Carolina General Statutes section 1-567.13. *Palmer v. Duke Power Co.*, 129 N.C. App. 488, 492, 499 S.E.2d 801, 804 (1998). Pursuant to section 1-567.13, an award of arbitrators shall be vacated where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy . . .; or

(5) There was no arbitration agreement . . . .

N.C. Gen. Stat. § 1-567.13 (1999).

In the case *sub judice*, plaintiff does not argue that his rights were prejudiced under any of the grounds enumerated in section 1-567.13. Plaintiff does not allege that the arbitration award was tainted by corruption, partiality, or abuse of power. Instead, plaintiff contends that the arbitrator made mistakes of law by: (1) allowing defendants to assert that they were not bound by the contract; and (2) admitting parol evidence. Because statutory and case law have determined that an arbitrator is not bound by substantive law or rules of evidence, N.C.G.S. § 1-567.13; *Crutchley*, 306 N.C. at 523, 293 S.E.2d at 797, we hold that the trial court did not err in denying plaintiff's Motion to Vacate the Arbitration Award.

[2] By its final assignment of error, plaintiff argues that the award of the arbitrator should be vacated because the arbitrator failed to rule on estoppel, election, and parol evidence issues, and failed to make findings of fact or conclusions of law. We cannot agree.

"The interpretation of the terms of an arbitration agreement are governed by contract principles and parties may specify by contract the rules under which arbitration will be conducted." *Trafalgar House Construction v. MSL Enterprises, Inc.*, 128 N.C. App. 252, 256, 494 S.E.2d 613, 616 (1998). It is incumbent on the parties to delineate the form of the arbitration order. *See id.* at 256-57, 494 S.E.2d at 616.

In the case at bar, plaintiff and defendant entered into the Listing Agreement which provided that "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association[.]" Under AAA Commercial Arbitration Rule 31, "[t]he arbitrator shall be the judge of the relevance and materiality of the evidence offered, and conformity to legal rules of evidence shall not be necessary." Thus, the parties by agreement determined the rules by which arbitration would be conducted. The AAA Commercial Arbitration Rules do not require findings of fact or conclusions of law. In fact, plaintiff drafted the Listing Agreement which mandated that the AAA's Commercial Arbitration Rules would control, and cannot be heard to complain of any perceived shortcoming of those Rules.

Furthermore, we note that plaintiff has again failed to marshall any of the limited grounds upon which an arbitration award may be

vacated. See N.C.G.S. § 1-567.13. Indeed, plaintiff does not cite any authority in support of its argument that an award of arbitrator should be vacated where the arbitrator refused to make findings of fact or conclusions of law. We hold that the trial court did not err in failing to vacate the award of arbitrator where the arbitrator failed to rule on estoppel, election, and parol evidence issues and failed to make findings of fact or conclusions of law.

## II. DEFENDANTS' ASSIGNMENT OF ERROR

[3] By their only assignment of error, defendants argue that the trial court erred in denying their Motion for Sanctions in that plaintiff's Motion to Vacate the arbitration award was not warranted by existing law, was in conflict with existing law, and did not advance a good faith argument for the extension, modification, or reversal of existing law. We cannot agree.

Rule 11(a) of the North Carolina Rules of Civil Procedure provides in pertinent part:

The signature of an attorney . . . constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction[.]

N.C. Gen. Stat. § 1A-1, Rule 11(a) (1999).

The decision of the trial court to grant or deny a motion to impose sanctions is reviewable *de novo* as a legal issue. *Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), *disc. review denied*, 329 N.C. 505, 407 S.E.2d 552 (1991). The reviewing court must determine whether the findings of fact of the trial court are supported by sufficient evidence, whether the conclusions of law are supported by the findings of fact, and whether the conclusions of law support the judgment. *Id.* As a general rule, remand is necessary where a trial court fails to enter findings of fact and conclusions of law regarding a motion for sanctions pursuant to Rule 11. *McClerin v. R-M*

*Industries, Inc.*, 118 N.C. App. 640, 644, 456 S.E.2d 352, 355 (1995). "However, remand is not necessary when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper." *Id.*

In the present case, the trial court did not make any findings of fact or conclusions of law in support of its denial of defendants' Motion for Sanctions. However, after reviewing the entire record, we find no evidence to support an award of sanctions on any basis asserted by defendants. Therefore, we conclude that the trial court did not err in denying defendants' Motion for Sanctions.

For the reasons stated herein, we hold that plaintiff received a hearing free from prejudicial error and that the trial court did not err in denying defendants' motion for sanctions. Therefore, we affirm the rulings of the trial court.

Affirmed.

Judges GREENE and WALKER concur.