NELSON PAGE TUCKER, PLAINTIFF v. THE BOULEVARD AT PIPER GLEN LLC, DEFENDANT

No. COA01-734

(Filed 7 May 2002)

**1. Unfair Trade Practices— sale of townhouse—actual reliance—injury or damage**

The trial court did not err in an unfair and deceptive trade practices case by granting summary judgment in favor of defendant builder-seller even though plaintiff townhouse buyer con-

tends defendant misrepresented the townhouse it would build for plaintiff would have a dramatic, spectacular, and panoramic view of a golf course, because: (1) plaintiff could not produce evidence to support the essential element of actual reliance by plaintiff upon the alleged misrepresentations of defendant when the purchase and sale agreement did not include any such descriptions of the townhouse view and included the statement that neither party is relying on any statement or representation made by or on behalf of the other party that is not set forth in the agreement; and (2) plaintiff could not produce evidence to support the essential element of some injury or damage proximately caused by defendant's allegedly unfair or deceptive acts based on his allegations that his townhouse at closing was worth only slightly more than what he paid for it instead of being worth a lot more than what he paid for it.

## 2. Pleadings— denial of Rule 11 sanctions—findings of fact required

The trial court's decision to deny defendant's motion for Rule 11 sanctions in an unfair and deceptive trade practices case is remanded because the trial court did not make any findings of fact or conclusions of law in support of its denial of defendant's motion for Rule 11 sanctions.

Appeal by plaintiff and defendant from an order entered 12 April 2001 by Judge Clarence E. Horton, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 26 March 2002.

*Weaver, Bennett & Bland, P.A., by Michael David Bland and Joseph T. Copeland, for plaintiff-appellant-appellee.*

*Robinson, Bradshaw & Hinson, P.A., by Thomas Holderness, for defendant-appellee-appellant.*

HUNTER, Judge.

Nelson Page Tucker ("plaintiff") appeals from the trial court's 12 April 2001 order granting summary judgment in favor of The Boulevard at Piper Glen LLC ("defendant"), and defendant appeals from the same order denying defendant's motion for sanctions. We affirm the grant of defendant's motion for summary judgment, and we remand to the trial court for entry of findings and conclusions in support of its denial of defendant's motion for sanctions.

TUCKER v. BLVD. AT PIPER GLEN, L.L.C.

[150 N.C. App. 150 (2002)]

On 20 April 2000, plaintiff filed the complaint in this action alleging that defendant had engaged in an unfair and deceptive practice. The complaint sets forth the following factual allegations: that plaintiff and defendant entered into a contract on 15 July 1998 whereby defendant agreed to construct and sell to plaintiff a townhouse for the cost of $344,900.00; that plaintiff's willingness to enter into the contract was based, in part, upon defendant's verbal and written representations that the townhouse would have a "dramatic," "unparalleled," and "panoramic" view "overlooking the ninth green of the Piper Glen RPC Course"; that the townhouse, once constructed, offered a view of the golf course that was partially obscured by "a large number of trees"; that plaintiff complained to defendant about the obscured view but defendant refused to reduce the sales price; that plaintiff closed on the purchase of the townhouse at the agreed price of $344,900.00; that defendant knew or should have known that the townhouse as constructed would not offer the kind of view that defendant represented and promised it would offer; and that, as a result of defendant's misrepresentations, plaintiff suffered damages in excess of $75,000.00 because the townhouse, as constructed, was worth no more than $269,900.00 at the time of closing.

During discovery, plaintiff responded to defendant's request for admissions and admitted that in August of 1999, the townhouse had been appraised by "plaintiff's lender" at a value of $362,500.00, and that this appraisal was available to plaintiff prior to closing on the sale of the townhouse. At his deposition, plaintiff testified that he believed the townhouse was worth at least $350,000.00 at the time of closing (31 August 1999), and that he had been willing to close on the townhouse, and to accept the partially obstructed view, because he believed the property was a "sound investment." He further testified that he believed the townhouse would be worth an additional $75,000.00 if the view were unobstructed, and that this belief was merely his own assumption and was not based upon any appraisal of the property. In addition, plaintiff was specifically asked about his allegation in the complaint that the townhouse was worth no more than $269,900.00 at the time of closing:

Q. So when you told the court that your home was worth no more than $269,900, you didn't really mean that?

A. Right, I'm just using the value minus what I think the view is worth.

Based upon plaintiff's admissions and his deposition testimony, defendant moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, Rule 56 (1999) ("Rule 56"), and for sanctions pursuant to Rule 11 of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, Rule 11 (1999) ("Rule 11"). In response, plaintiff submitted an affidavit from himself alleging that he has suffered damages of $50,000.00 to $75,000.00 as a result of the partially obstructed view. He also submitted an affidavit from a professional appraiser alleging that the townhouse would be worth approximately $45,000.00 more if it had an unobstructed view. Following a hearing on defendant's motions, the trial court granted summary judgment in favor of defendant but denied defendant's motion for Rule 11 sanctions. Plaintiff and defendant both appeal.

**[1]** On appeal, plaintiff assigns error to the trial court's grant of summary judgment in favor of defendant. We hold that the trial court did not err in granting summary judgment here because the facts are not in dispute, and because the evidence produced during discovery establishes that defendant's conduct does not constitute an unfair or deceptive practice as a matter of law.

Section 75-1.1 of our General Statutes provides that "unfair or deceptive acts or practices in or affecting commerce" are unlawful. N.C. Gen. Stat. § 75-1.1(a) (1999). " 'Under N.C. Gen. Stat. § 75-1.1, the question of what constitutes an unfair or deceptive trade practice is an issue of law.' " *Eastover Ridge, L.L.C. v. Metric Constructors, Inc.*, 139 N.C. App. 360, 363, 533 S.E.2d 827, 830 (2000) (citation omitted). Although a court generally determines whether an act or practice is unfair or deceptive based upon the jury's findings, a court may grant summary judgment if the facts are not disputed and the moving party is entitled to judgment as a matter of law. *Id.* A defendant moving for summary judgment bears the burden of showing that: (1) an essential element of plaintiff's claim is nonexistent; (2) discovery indicates plaintiff cannot produce evidence to support an essential element; or (3) plaintiff cannot surmount an affirmative defense. *Id.* "Once a defendant has met that burden, the plaintiff must forecast evidence tending to show a *prima facie* case exists." *Id.* Here, plaintiff is unable to establish at least two essential elements of his claim.

"To establish a *prima facie* claim for unfair trade practices, the plaintiff must show: (1) defendant committed an unfair or deceptive

act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff." *Pleasant Valley Promenade v. Lechmere, Inc.*, 120 N.C. App. 650, 664, 464 S.E.2d 47, 58 (1995) (citation omitted). Where an unfair or deceptive practice claim is based upon an alleged misrepresentation by the defendant, the plaintiff must show "actual reliance" on the alleged misrepresentation in order to establish that the alleged misrepresentation "proximately caused" the injury of which plaintiff complains. *Id.* Here, plaintiff's claim is based upon the allegation that defendant represented that the townhouse would have a "dramatic," "spectacular," and "panoramic" view. However, the "Purchase and Sale Agreement" entered into by plaintiff and defendant, which does not include any such descriptions of the townhouse view, includes the following provision: "Neither party is relying on any statement or representation made by or on behalf of the other party that is not set forth in this Agreement." Thus, discovery indicates that plaintiff cannot produce evidence to support the essential element of "actual reliance" by plaintiff upon the alleged misrepresentations of defendant.

Discovery also indicates that plaintiff cannot produce evidence to support the essential element of some injury or damage proximately caused by defendant's allegedly unfair or deceptive acts. In his complaint, plaintiff alleges that he has suffered damages in excess of $75,000.00 because he paid $344,900.00 for the townhouse when it was worth no more than $269,900.00 at closing. However, during his deposition, plaintiff acknowledged that his townhouse was worth at least $350,000.00 at closing. By his affidavit submitted in response to defendant's motion for summary judgment, plaintiff now appears to contend that, although his townhouse at closing was, in fact, worth more than what he paid for it, plaintiff had expected at the time he entered into the contract to pay $344,900.00 for a townhouse that would be worth closer to $400,000.00 at closing. In other words, plaintiff essentially complains that his townhouse at closing was worth only slightly more than what he paid for it instead of being worth a lot more than what he paid for it. These allegations fail to establish that plaintiff has suffered any legally cognizable damage as a result of defendant's acts. For these reasons, we affirm the trial court's grant of summary judgment.

[2] Defendant also appeals from the trial court's order, arguing that the trial court erred in denying defendant's motion for Rule 11 sanctions. A trial court's decision to grant or deny a motion to impose

**TUCKER v. BLVD. AT PIPER GLEN, L.L.C.**

[150 N.C. App. 150 (2002)]

sanctions is reviewable *de novo* as a legal issue. *See Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), *disc. review denied*, 329 N.C. 505, 407 S.E.2d 552 (1991). This *de novo* review requires the court to determine: (1) whether the findings of fact of the trial court are supported by a sufficiency of the evidence; (2) whether the conclusions of law are supported by the findings of fact; and (3) whether the conclusions of law support the judgment. *Id.* "As a general rule, remand is necessary where a trial court fails to enter findings of fact and conclusions of law regarding a motion for sanctions pursuant to Rule 11." *Sholar Bus. Assocs. v. Davis*, 138 N.C. App. 298, 303, 531 S.E.2d 236, 240 (2000). " 'However, remand is not necessary when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper.' " *Id.* at 304, 531 S.E.2d at 240 (citation omitted).

In the present case, the trial court did not make any findings of fact or conclusions of law in support of its denial of defendant's motion for Rule 11 sanctions. Defendant's motion for sanctions was based upon the contention that plaintiff's complaint, which alleges that the townhouse was worth no more than $269,900.00 at the time of closing, was not well grounded in fact. For purposes of Rule 11, a complaint is considered factually insufficient if either (1) the plaintiff failed to undertake a reasonable inquiry into the facts, or (2) the plaintiff, after reviewing the results of his inquiry, could not have reasonably believed that his position was well grounded in fact. *See, e.g., Golds v. Central Express, Inc.*, 142 N.C. App. 664, 669, 544 S.E.2d 23, 27 (2001).

Here, plaintiff admitted during discovery that in August of 1999, the townhouse had been appraised by "plaintiff's lender" at a value of $362,500.00, and that this appraisal was available to plaintiff prior to closing. Furthermore, at his deposition, plaintiff testified that he believed the townhouse was worth at least $350,000.00 at the time of closing. He also testified that he believed the townhouse would be worth an additional $75,000.00 if the view were unobstructed, but admitted that this belief was merely his own assumption and was not based upon any appraisal of the property. In addition, plaintiff was specifically asked about his allegation in the complaint that the townhouse was worth no more than $269,900.00 at the time of closing:

Q. So when you told the court that your home was worth no more than $269,900, you didn't really mean that?

A. Right, I'm just using the value minus what I think the view is worth.

Considering the record in the light most favorable to defendant, we find at least some evidence that might support an award of sanctions. Therefore, we believe it is necessary to remand the case to the trial court for entry of findings and conclusions in support of its denial of defendant's motion for Rule 11 sanctions.

For the reasons stated herein, we affirm the trial court's grant of summary judgment in favor of defendant, and we remand to the trial court for entry of findings and conclusions in support of its denial of defendant's motion for sanctions.

Affirmed in part and remanded in part.

Judges GREENE and TIMMONS-GOODSON concur.