JAMES M. KRANTZ, A/K/A JIM KRANTZ; AND CHRISTINE M. KRANTZ, PLAINTIFFS V. DONALD E. OWENS, D/B/A OWENS CONSTRUCTION; ALL AMERICAN HOMES OF NORTH CAROLINA, L.L.C.; CENTURA BANK, A BANKING CORPORATION; AND PETER E. LANE, TRUSTEE, DEFENDANTS

No. COA03-1518

(Filed 1 February 2005)

**1. Appeal and Error— preservation of issues—failure to make request for findings of fact**

Although plaintiffs contend the trial court abused its discretion in a breach of contract case by failing to include findings of fact in its order denying plaintiffs' motion for a new trial, this assignment of error is dismissed because: (1) there is no designation in the record that plaintiff's counsel made a request for findings of fact; and (2) without a record of a request being made, the Court of Appeals cannot properly evaluate whether there was error.

**2. Trials— motion for new trial—failure to show irregularity, misconduct, accident, or surprise**

The trial court did not abuse its discretion in a breach of contract case by denying plaintiffs' motion for a new trial even though plaintiffs contend a defense witness gave false testimony that plaintiffs were on the job site while plaintiffs maintain that they were not, because there was no irregularity, misconduct, accident or surprise borne out by the record.

**3. Appeal and Error— appellate rules violations—appeal dismissed**

Defendant's appeal from the denial of his motion for sanctions in a breach of contract case is dismissed based on multiple

KRANTZ v. OWENS

[168 N.C. App. 384 (2005)]

violations of the Rules of Appellate Procedure, because: (1) there is no certificate of service for defendant's notice of appeal in the record as required by Rule 3; (2) defendant's purported appeal is not a cross-assignment of error, and thus he must file a separate appellate brief as required by Rule 13(a)(1); (3) defendant's assignment of error does not state the legal basis upon which the error is assigned as required by Rule 10(c)(1); (4) defendant's motion for sanctions was based on N.C.G.S. §1A-1, Rule 11, but he failed to base his argument on Rule 11 in his brief; and (5) defendant's sole citation to authority in his brief is to a case that is not applicable to the trial court's denial of his Rule 11 motion for sanctions.

**4. Pleadings— Rule 11 sanctions—findings of fact and conclusions of law needed**

A de novo review revealed that the trial court erred in a breach of contract case by denying plaintiffs' motion for sanctions under N.C.G.S. § 1A-1, Rule 11 against defendant and defense counsel on the ground that defendant improperly sought sanctions against plaintiffs, and the case is remanded for proper findings of fact and conclusions of law because in the light most favorable to plaintiffs, defendant's motion for sanctions may lack a sufficient factual basis and also might have been filed for an improper purpose.

Appeal by plaintiffs and defendant from orders entered 15 November 2002 by Judge Zoro J. Guice, Jr. in Rutherford County Superior Court. Heard in the Court of Appeals 2 September 2004.

*Baiba Bourbeau for plaintiff-appellants James M. Krantz, a/k/a Jim Krantz and Christine M. Krantz.*

*J. Christopher Callahan for defendant-appellee Donald E. Owens d/b/a Owens Construction.*

ELMORE, Judge.

Plaintiffs appeal from orders denying their motions for a new trial and sanctions against defendant Donald E. Owens d/b/a Owens Construction (Owens) and defense counsel. Defendant Owens appeals from the denial of his motion for sanctions against plaintiffs and plaintiffs' counsel. After careful review, we find that the trial court did not err in denying the motion for a new trial and we dismiss defendant's appeal from the denial of his motion for sanc-

tions; however, we reverse the trial court's denial of plaintiffs' motion for sanctions and remand for further findings.

Plaintiffs filed suit on 12 June 2000, alleging numerous claims arising from construction of a modular home in Union Mills, North Carolina, but on 30 September 2002, trial commenced only on the issues of 1) whether defendants breached the implied warranty of workmanlike quality, and 2) whether plaintiffs breached their contract in failing to pay. After almost a week of trial, the jury returned a verdict in favor of defendants on both issues, finding that defendants did not breach the warranty of workmanlike quality and awarding $8,000.00 on their breach of contract claim.

Based partially on what plaintiffs alleged to be false testimony by one of Owens's witnesses, plaintiffs filed a motion for a new trial. In their motion, plaintiffs also alleged that counsel for Owens knew of the false testimony, but still offered it to the court. As such, counsel for plaintiffs sent letters to the North Carolina State Bar and, since one of the witnesses who allegedly gave false testimony was a licensed general contractor, to the North Carolina Licensing Board for General Contractors.

In response, Owens's counsel filed a motion for sanctions against plaintiffs and their attorney pursuant to N.C. Gen. Stat. § 1A-1, Rule 11. Plaintiffs' counsel thereafter filed a motion for Rule 11 sanctions against defendant Owens and his counsel, alleging that Owens's counsel's motion for sanctions was for "the improper purpose of retaliation due to the filing . . . for a new trial."

### Motion for a New Trial

*A. Findings of Fact*

[1] Plaintiffs' first assignment of error is that the trial court abused its discretion by not including findings of fact in its order denying the motion for a new trial. It is true that once requested by counsel, a trial court must make specific findings of fact, even with regards to discretionary rulings. *Andrews v. Peters*, 318 N.C. 133, 347 S.E.2d 409 (1986). Yet, there is no designation in the record that plaintiffs' counsel made this request. According to the trial court's order settling the record on appeal, which the parties agreed upon, no transcript of the hearing regarding the motion for a new trial was included. "It is appellant's duty and responsibility to see that the record is in proper form and complete." *Pharr v. Whorley*, 125 N.C. App. 136, 139, 479 S.E.2d 32, 34 (1997); *see* N.C.R. App. P. 9(a)(1)(e) and (j). Without a record

**KRANTZ v. OWENS**

[168 N.C. App. 384 (2005)]

of a request being made this Court cannot properly evaluate whether there was error. *Id.*; *State v. Williams*, 274 N.C. 328, 333, 163 S.E.2d 353, 357 (1968) ("An appellate court is not required to, and should not, assume error by the trial judge when none appears on the record before the appellate court."); *see also Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 484-85, 290 S.E.2d 599, 604 (1982) ("a manifest abuse of discretion must be made to appear from the record as a whole with the party alleging the existence of an abuse bearing that heavy burden of proof.").

*B. Denial of Motion*

[2] Plaintiffs also contend that the trial court abused its discretion in denying their motion for a new trial. We disagree. Plaintiffs' motion for a new trial, filed pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(1), (2), (3) and Rule 60(b)(3), was on the basis that one of Owens's witnesses gave false testimony at trial. Plaintiffs allege that Owens's witness's statement that plaintiffs were on the job site, while they maintain they were not, misled and prejudiced the jury. The trial court's decision as to whether this type of falsity warrants a new trial is discretionary. "[A]n appellate court's review of a trial judge's discretionary ruling either granting or denying a motion to set aside a verdict and order a new trial is strictly limited to the determination of whether the record affirmatively demonstrates a manifest abuse of discretion by the judge." *Worthington*, 305 N.C. at 482, 290 S.E.2d at 602 (citing cases). "During review, we accord 'great faith and confidence in the ability of our trial judges to make the right decision, fairly and without partiality, regarding the necessity for new trial.' " *Burgess v. Vestal*, 99 N.C. App. 545, 550, 393 S.E.2d 324, 327 (quoting *Worthington*, 305 N.C. at 487, 290 S.E.2d at 605), *disc. review denied*, 327 N.C. 632, 399 S.E.2d 324 (1990); *see also McGinnis v. Robinson*, 43 N.C. App. 1, 10, 258 S.E.2d 84, 90 (1979) ("A trial judge on hearing Rule 60(b) motions should consider such factors as '(1) the general desirability that a final judgment not be lightly disturbed, . . . (3) the opportunity the movant had to present his claim or defense, and (4) any intervening equities.' ") (quoting *Equipment Co. v. Albertson*, 35 N.C. App. 144, 147, 240 S.E.2d 499, 501-02 (1978).

Bearing these principles in mind, we are not convinced that the trial court's denial of the new trial motion was a substantial miscarriage of justice. There is no "irregularity, misconduct, or accident or surprise" borne out by the record. *See* N.C. Gen. Stat. § 1A-1, Rule 59(a) (2003). It is clear from the record that plaintiffs had evidence at the time of trial which placed them in Indiana at times at which the

witness was claiming he spoke with them in North Carolina. Plaintiffs' counsel also conducted no discovery of this witness's testimony prior to trial, despite him being one of the contractors who worked on plaintiffs' home and being named as a witness. At trial, plaintiffs' counsel cross-examined the witness on his statements, but failed to impeach him with the evidence.

It is also clear from the record that the Owens's witness only testified that he *saw* plaintiffs, not that plaintiffs waived any potential claims in their alleged conversation at the job site—a false claim that might have prevented a fair trial. "[T]he party alleging the existence of an abuse bear[s] that heavy burden of proof." *Worthington*, 305 N.C. at 484-85, 290 S.E.2d at 604. Plaintiffs' claims cannot bear this burden. We hold that the trial court did not abuse its discretion in denying the motion for a new trial.

## Motions for Sanctions

As to Owens's motion for sanctions, this Court dismisses his appeal, but we reverse on plaintiffs' motion for sanctions and remand for findings.

### A. Defendants' Motion Against Plaintiffs

[3] We dismiss Owens's appeal based on multiple violations of the Rules of Appellate Procedure. First, there is no certificate of service for his notice of appeal in the record. This is a violation of Rule 3 of the North Carolina Rules of Appellate Procedure, which is jurisdictional, and thus requires that his appeal be dismissed. *Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 402 S.E.2d 407 (1991); *Gum v. Gum*, 107 N.C. App. 734, 421 S.E.2d 788 (1992); *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E.2d 46 (1976).

Second, Owens's purported appeal is not a cross-assignment of error, and thus he must comply with the same rules of appellate procedure as any other appellant, including filing a separate appellate brief. *Cherry, Bekaert & Holland v. Worsham*, 81 N.C. App. 116, 118, 344 S.E.2d 97, 99 (1986); *see also People Unlimited Consulting v. B&A Indus., LLC*, 158 N.C. App. 744, 582 S.E.2d 82 (2003). Owens's failure to do so is a violation of Rule 13(a)(1), and permits this Court to dismiss his appeal under Rule 13(c). Owens's brief also violates Rules 28(b)(1), (3), (4), and (6). Further, Owens's assignment of error in the record violates Rule 10(c)(1) in that it does not state the legal basis upon which the error is assigned. *Kimmel v. Brett*, 92 N.C.

App. 331, 334, 374 S.E.2d 435, 436 (1988). These Rules are mandatory, and violation of these Rules subjects the appeal to dismissal. *Wiseman v. Wiseman,* 68 N.C. App. 252, 314 S.E.2d 566 (1984).

Third, Owens's motion for sanctions was based on Rule 11 of the North Carolina Rules of Civil Procedure, but in his brief he fails to base his argument on Rule 11. Thus, even assuming *arguendo* that Owens properly preserved this issue for appellate review through his assignment of error in the record, because he fails to argue that issue in his brief, it is deemed abandoned. N.C.R. App. P. 28(b)(5) (2004); *Strader v. Sunstates Corp.,* 129 N.C. App. 562, 567, 500 S.E.2d 752, 755 (1998). We further find that Owens has abandoned this argument because his sole citation to authority in his brief is to a case that is not applicable to the trial court's denial of his Rule 11 motion for sanctions. *Id.* Owens sole argument is that the behavior of plaintiff's counsel in the instant case was worse than that of plaintiffs' counsel in *Couch v. Private Diagnostic Clinic,* 146 N.C. App. 658, 554 S.E.2d 356 (2001). *Couch* did not involve sanctions under Rule 11. Rather, *Couch* involved violations of the North Carolina Rules of General Practice for the Superior and District Courts and the Rules of Professional Conduct. When considering the appropriateness of sanctions under Rule 11, the trial court looks at the document in question, and then determines if it was well founded in both fact and law, and whether it was filed for an improper purpose. *Bryson v. Sullivan,* 330 N.C. 644, 412 S.E.2d 327 (1992). Unlike in *Couch,* the seriousness of the allegations made by plaintiffs' counsel are not relevant in the Rule 11 context. What is relevant is plaintiffs motivation for filing the motion, and the factual and legal basis therefor. Nowhere in Owens's argument does he address the real issue before us; whether there was sufficient evidence in support of his allegation that plaintiffs filed their motion for a new trial for an improper purpose, or that plaintiffs' motion was not well founded in fact or law.

## B. *Plaintiffs' Motion Against Defendant*

**[4]** After defendant Owens filed his motion for sanctions referencing plaintiffs' filing for a new trial, plaintiffs filed a motion for sanctions against defendant Owens and counsel on the grounds that defendant sought sanctions without a proper factual and legal sufficiency and for "the improper purpose of retaliation due to the filing . . . for a new trial." Although the trial court denied this motion for sanctions, we review *de novo* a trial court's decision to grant or deny a motion for sanctions.

This Court exercises de novo review of the question of whether to impose Rule 11 sanctions. . . . If we determine that the sanctions were warranted, we must review the actual sanctions imposed under an abuse of discretion standard. . . . There are three parts to a Rule 11 analysis: (1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose. . . . A violation of any one of these requirements mandates the imposition of sanctions under Rule 11."

*Dodd v. Steele*, 114 N.C. App. 632, 635, 422 S.E.2d 363, 365 (1994) (internal citations omitted). The record bears out that plaintiffs are basing their own motion for sanctions on the previous filing of sanctions by defendant. Plaintiffs maintain in their motion for sanctions that their motion for a new trial was validly brought and therefore defendant's motion for sanctions was baseless or improper, and hence opened the door for sanctions against himself and counsel.

This adversarial battle between counsels strains the patience of this Court; yet, we must reverse and remand to the trial court for findings of fact and conclusions of law with regards to plaintiffs' motion for sanctions. Our *de novo* review requires us to determine:

(1) whether the findings of fact of the trial court are supported by a sufficiency of the evidence; (2) whether the conclusions of law are supported by the findings of fact; and (3) whether the conclusions of law support the judgment. [*Turner v. Duke University*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989), *disc. review denied*, 329 N.C. 505, 407 S.E.2d 552 (1991).] "As a general rule, remand is necessary where a trial court fails to enter findings of fact and conclusions of law regarding a motion for sanctions pursuant to Rule 11." *Sholar Bus. Assocs. v. Davis*, 138 N.C. App. 298, 303, 531 S.E.2d 236, 240 (2000). " 'However, remand is not necessary when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper.' " *Id.* at 304, 531 S.E.2d at 240 (citation omitted).

*Tucker v. Blvd. at Piper Glen, L.L.C.*, 150 N.C. App. 150, 155, 564 S.E.2d 248, 251 (2002). Without findings of fact and conclusions of law entered by the trial court, we cannot adequately conduct our review. And, in the light most favorable to plaintiffs, the movant, Owens's motion for sanctions may lack a sufficient factual basis and also might have been filed for an improper purpose: just six days after

plaintiff filed for a new trial against Owens, he filed his motion for sanctions and filed no other response to the motion for new trial. At this point the Court is not in a position to determine whether plaintiffs' last salvo hit its mark or not.

In conclusion, we affirm the trial court's denial of plaintiffs' motion for a new trial and dismiss defendant's appeal for numerous violations of the Rules of Appellate Procedure. We reverse the trial court's denial of plaintiffs' Rule 11 motion for sanctions, and remand to the trial court on this issue to enter proper findings of fact and conclusions of law.

Affirmed in part, dismissed in part, and reversed in·part.

Judges CALABRIA and STEELMAN concur.