ELMORE, Judge.
Defendant appeals from an order denying his motion for Rule 11 sanctions. After careful consideration, we affirm.
I. Facts
The relevant facts gleaned from the record show the following: Clevell S. Roseboro, Sr., ("plaintiff") is the son of Alice Roseboro ("Ms.Roseboro"). John Roseboro ("defendant") is plaintiff's son. Ms. Roseboro helped raise defendant during his childhood, and defendant referred to her as "mom." Ms. Roseboro died on 1 July 2011 at the age of 80.
On 18 August 2005, a vehicle struck Ms. Roseboro, causing severe injuries and the amputation of her right leg. At the time of the incident, Ms. Roseboro was 74 years old. Defendant, a licensed attorney in this State, represented Ms. Roseboro in the personal injury suit resulting from the incident and obtained a $1.2 million judgment in her favor. Ms. Roseboro paid defendant's law firm $39,426.34 in attorney's fees for defendant's representation.
After Ms. Roseboro received the judgment proceeds from the personal injury suit, defendant, at Ms. Roseboro's request, took her to meet with three professional financial advisors so that she could invest her judgment proceeds. Defendant never informed plaintiff when he traveled to Winston-Salem to assist Ms. Roseboro with these matters, and defendant claimed attorney-client privilege when asked about Ms. Roseboro's financial matters.
On 11 January 2008, Ms. Roseboro opened two payable-on-death ("POD") Bank of America accounts, placed the judgment proceeds in the accounts, and named defendant as the beneficiary of the accounts. With defendant present, Bank of America banker Elmer L. Chisholm ("Chisholm") assisted Ms. Roseboro in opening the POD accounts. Because of the POD accounts' designation, the proceeds in the accounts would be paid directly to the named beneficiary separate from Ms. Roseboro's estate. Plaintiff believed that Ms. Roseboro did not understand the meaning of a POD account or a POD beneficiary designation and that Ms. Roseboro had scheduled to change the POD beneficiary and did not want defendant or defendant's wife to be involved.
On 28 July 2009, defendant attended a meeting with Ms. Roseboro in an attorney's office in Winston Salem to discuss a power of attorney and a will. The next day, Ms. Roseboro designated defendant as her attorney-in-fact. On 31 July 2009, Ms. Roseboro signed her Last Will and Testament, bequeathing a life estate in her real property and all household items to plaintiff with a remainder to defendant. The rest, residue, and remainder of Ms. Roseboro's estate were bequeathed as follows: a fifty percent share to plaintiff, a twenty-five percent share to her grandchildren, a fifteen percent share to her sister, and a ten percent share to defendant, as trustee for Ms. Roseboro's great-grandchildren. After Ms. Roseboro's death, defendant received the funds from the POD account in the amount of $658,848.47. Ms. Roseboro's probate estate had a net balance of $43.71, which was divided according to the Will provisions.
In 2012, plaintiff hired attorney Susan Ryan to advise him on the estate beneficiaries' rights regarding defendant's actions and the POD accounts' funds. Ryan suggested different options to help reach an agreement with defendant regarding the POD accounts' funds' proceeds, but defendant refused. Ryan also spoke to Chisholm, who remembered Ms. Roseboro as a customer but could not recall the specifics of their meeting. However, Chisholm told Ryan that he would have likely told Ms. Roseboro that a POD account should be a short-term vehicle and that POD account proceeds would not be part of the customer's estate.
Concerned about Ms. Roseboro's age, health, medications she may have been taking at the time she opened the POD accounts, Chisholm's statements to Ryan, and the nature of defendant's conduct with Ms. Roseboro, plaintiff filed a complaint against defendant on 17 October 2012, alleging claims of breach of fiduciary duty, undue influence, constructive fraud, and fraud. Plaintiff sought relief in the form of a constructive trust in favor of Ms. Roseboro's estate and sought relief against defendant on behalf of the estate as follows: that defendant's beneficiary designation be set aside and deemed void ab initio;that plaintiff be entitled to compensatory damages and double compensatory damages pursuant to N.C. Gen.Stat. § 84-13 ; imposition of a constructive trust; punitive damages; and interest.
On 16 September 2013, defendant, in relevant part, filed a motion for summary judgment on all claims alleged by plaintiff. Judge David L. Hall granted defendant's motion for summary judgment on all of plaintiff's claims. On 27 February 2014, defendant filed a motion for Rule 11 sanctions, and the trial court entered an order denying the motion. Defendant timely appeals from the trial court's order denying his motion for Rule 11 sanctions.
II. Analysis
Defendant argues the trial court erred by denying his motion for sanctions pursuant to Rule 11. Defendant specifically avers that many of the trial court's findings of fact are not supported by competent evidence, and thus, those findings of fact necessarily do not support the trial court's conclusions of law.
We review de novoa trial court's decision to grant or deny motions to impose sanctions under Rule 11(a). Turner v. Duke University,325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). Rule 11(a) states:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
N.C. Gen.Stat. § 1A-1, Rule 11(a) (2013). Thus, an analysis of sanctions under Rule 11 is three-pronged requiring an examination of "(1) factual sufficiency, (2) legal sufficiency, and (3) improper purpose." Peters v. Pennington,210 N.C.App. 1, 27, 707 S.E.2d 724, 742 (2011) (internal quotation marks omitted). A violation of any of these prongs requires the imposition of sanctions. Id.
A trial court's decision to grant or deny a motion for Rule 11 sanctions "must be supported by findings of fact[,]" and a failure to enter sufficient findings of fact "is error[.]" McClerin v. R-M Indus., Inc.,118 N.C.App. 640, 644, 456 S.E.2d 352, 355 (1995). However, we have affirmed orders denying Rule 11 sanctions notwithstanding insufficient findings of fact "when there is no evidence in the record, considered in the light most favorable to the movant, which could support a legal conclusion that sanctions are proper." Id.at 644-45, 456 S.E.2d at 355-56 ; see also Sholar Bus. Associates, Inc. v. Davis,138 N.C.App. 298, 304, 531 S.E.2d 236, 240 (2000) (affirming a trial court's order denying Rule 11 sanctions despite insufficient findings of fact because "after reviewing the entire record, we [found] no evidence to support an award of sanctions on any basis asserted by defendants").
After considering the analytical framework set forth by prior legal precedent, we have carefully reviewed the record in the light most favorable to defendant and cannot find any evidence that could support the imposition of Rule 11 sanctions. Thus, even if we presume arguendothat the trial court's findings of fact were not supported by competent evidence, any such error would be non-prejudicial to defendant. See Green v. Freeman,--- N.C.App. ----, ----, 756 S.E.2d 368, 376 (2014) (asserting that appellant carries the burden to establish prejudicial error-"that a different result would have likely ensued had the error not occurred"). Accordingly, we affirm the trial court's order denying Rule 11 sanctions.
III. Conclusion
In sum, we affirm the trial court's order denying defendant's motion for Rule 11 sanctions because no evidence in the record could support the legal conclusion to impose such sanctions.
AFFIRMED.
Judges GEER and DILLON concur.
Report per Rule 30(e).
Opinion
Appeal by defendant from order entered 20 August 2014 by Judge Richard W. Stone in Forsyth County Superior Court. Heard in the Court of Appeals 23 April 2015.